IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUISE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| SITEL OPERATING CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff respectfully submits the following Complaint against Sitel Operating Corporation ("Sitel" or "Defendant") showing the Court the following:

## INTRODUCTION

1.      This is a civil rights action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), to correct unlawful employment discrimination and retaliation practices based on race, to vindicate Plaintiff's rights, and to make him whole.  Plaintiff seeks declaratory and injunctive relief, damages, attorney's fees and costs.

## JURISDICTION AND VENUE

2.      Plaintiff's claims under Section 1981 present federal questions over

which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's Title VII

claims present federal questions over which the Court has jurisdiction pursuant to 28

U.S.C. § 1343.

3.     Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), this

Court is an appropriate venue for Plaintiff's claims because all of the parties reside

and/or conduct business within the Northern District of Georgia and the Defendant's

registered agent is located in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

4.     Plaintiff filed a timely Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") encompassing the discriminatory

and retaliatory conduct that is the subject of this Complaint.  (Attached hereto and

incorporated herein is Exhibit A.)

5.     Plaintiff has received a Notice of Right to Sue from the EEOC within

90 days of filing this Complaint, and he has fulfilled all administrative prerequisites

to the prosecution of his claims in this Court.  (Attached hereto and incorporated

herein is Exhibit B.)

## THE PARTIES

6.     Plaintiff is a citizen and resident of the United States.  For purposes of

this action, Plaintiff submits himself to the jurisdiction of this Court.

7.     Defendant is a Foreign Profit Corporation registered in the state of

Georgia and may be served with process by serving its registered agent for service of process in Georgia, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## **STATEMENT OF FACTS**

8.     Sitel is a multi-national corporation which in part provides out-sourced call center services.

9.     Sitel has a call center in Augusta, GA.

10.     Plaintiff is a highly qualified and educated manager who was hired by Defendant on or around May 7, 2012.

11.     Plaintiff is African American.

12.     Since Plaintiff's hiring, he has been promoted through the ranks to Operations Manager ("OM"), and has worked on several client accounts in that role.

13.     Plaintiff's site director Robbie Jalbert appeared to be a white male.

14.     Throughout Plaintiff's employment, he and his African American co-workers were treated materially differently than his non-African American co-workers.

15.     For example, Mr. Jalbert use to tell Plaintiff that, "he needed to break Plaintiff['s spirit]".  Mr. Jalbert didn't make such statements to Plaintiff's white co-workers.  Further, Mr. Jalbert would make comments about how white males were the minority in the August office.

16.    Mr. Jalbert on behalf of Defendant asked Plaintiff to take on the additional duties of a Senior Operations Manager ("SOM").

17.    Plaintiff was promised that should he succeed with certain accounts while acting a SOM he would be formally promoted and receive the pay and recognition his extra workload warranted.   Approximately, a twenty thousand dollar a year raise.

18.    In 2018 Plaintiff was placed on the United Healthcare campaign ("UH Campaign").

19.    The UH Campaign was poorly planned by Defendant.

20.    Despite the poor planning Plaintiff was placed on the team and turned the campaign around.

21.    Plaintiff was told that he should be promoted, but that they needed to see more from him before he was promoted.

22.    In 2019 Plaintiff was told that if he could turn around the "Flair Campaign" he would be promoted.

23.    Plaintiff did another outstanding job on the Clair Campaign.

24.    Plaintiff's site director Mr. Jalbert told Plaintiff that he was the company's best OM.

25.    Plaintiff was told by Mr. Jalbert that his work performance while preforming the functions of a SOM was outstanding.

26.     However, despite his outstanding performance Plaintiff was not promoted to SOM.

27.     Plaintiff complained to Defendant that he was being discriminated against due to his race.

28.     In retaliation for his complaint, in approximately June 2020, Plaintiff forced to transfer to different accounts, threatened to be put on a performance improvement plan, etc.

29.      In approximately July 2020, Sitel hired a new SOM, Justin Larkin.

30.     Mr. Larkin is non-African American.

31.     After Mr. Larkin was hired, Plaintiff made another complaint of race discrimination.

32.     Plaintiff's claims of race discrimination were investigated, but Defendant claimed that Plaintiff's allegations could not be proven.

33.     In August 2020, Plaintiff filed an EEOC charge alleging race discrimination.

34.     After Plaintiff's complaints and his EEOC charge, both Site Director Jalbert and the new SOM Larkin were replaced, but Plaintiff was not promoted.

35.     Plaintiff was told that him going to HR would negatively impact his career, and it clearly has.

36.     After Plaintiff's complaint, he has not been promoted despite being

worthy of promotion and despite being promised a promotion.

37.     Further, after Plaintiff's complaint, he has been given highly stressful campaigns without adequate support, and his bonuses have not been paid despite goals being met.

38.     Further, after Plaintiff's complaint, Defendant has attempted to discipline Plaintiff in retaliation for his complaint.

**COUNT I**
**Race Discrimination in Violation of Title VII and Section 1981**

39.     Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

40.     Defendant discriminated against Plaintiff during his employment because of his race.

41.     Defendant's actions in discriminating against Plaintiff were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment on account of his race in violation of Title VII and Section 1981.

42.     The effect of Defendant's above-mentioned acts has been to deprive Plaintiff of equal employment opportunities and benefits due to him as an individual because of his race.

43.     As a result of these actions, Plaintiff has suffered damages both monetary and non-monetary.

44.     As such, Plaintiff is entitled to equitable as well as monetary relief from

Defendant for Defendant's violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

45.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT II

### Retaliation in Violation of Title VII and Section 1981

46.     Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

47.     Plaintiff engaged in protected activity by reporting the race-based discrimination to which he was subjected by Defendant to his superiors, Defendant's Human Resources department, and by filing an EEOC Charge of Discrimination with the EEOC.

48.     Defendant's retaliatory actions above cited were because he engaged in protected activity and thus constitute unlawful intentional retaliation in violation of both Title VII and Section 1981.

49.     Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken in bad faith.

50.     The effect of Defendant's actions has been to deprive Plaintiff of a promotion, as well as the extra income in the form of wages, prospective retirement

benefits, social security, and other benefits due to him because he engaged in protected activity.

51.     As a result of Defendant's unlawful actions, Plaintiff has also suffered emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT III
## NEGLIGENT SUPERVISION/ RETENTION

52.     Plaintiff incorporates by reference paragraphs 1-51, above, as if fully set forth herein.

53.     Defendant Employer knew that its employees had a history of race discrimination again African Americans.

54.     Defendant Employer failed to take prompt and appropriate remedial steps to protect Plaintiff from race discrimination.

55.     Defendant Employer received complaints of discrimination against Plaintiff's supervisors and coworkers, yet Defendant Employer failed to monitor and protect Plaintiff from discrimination.

56.     As a result of Defendant Employer's negligent retention and/or supervision, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following

relief:

a.     a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under Section 1981, and/or Title VII;

b.     a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice of policy which discriminates and/or retaliates against Plaintiff because of their exercise of rights under Section 1981 and/or Title VII;

c.     judgment in Plaintiff's favor and against Defendant under all counts of this Complaint;

d.     full back pay, taking into account all raises to which Plaintiff would have been entitled but for the unlawful discrimination and retaliation, all fringe and other benefits of employment Plaintiff would have been entitled to but for the unlawful discrimination and retaliation, with prejudgment interest thereon;

e.     compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

f.     economic damages sufficient to compensate Plaintiff for the benefits (including, but not limited to bonuses, raises, vacation time, paid time off, and the

like) that he lost as a result of Defendants' discriminatory and retaliatory actions;

g.      punitive damages for Defendant's intentional violations of federal law;

h.      nominal damages;

i.      reasonable attorney's fees and costs; and

j.      all other and further relief as this Court deems just and proper.

Respectfully submitted this 16<u>th</u> day of October, 2021.

By:      /s/ *J. Stephen Mixon*
         J. Stephen Mixon
         Georgia Bar No. 514050
         steve@mixon-law.com
         Attorney for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Blvd, Suite 150
Atlanta, Georgia  30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039